IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Scott L. Ellison, #287202, | C/A NO. 1:09-2261-CMC-SVH |
| Petitioner, | |
| v. | **OPINION and ORDER** |
| Anthony Padula, Warden, Lee Correctional, | |
| Respondent. | |

This matter is before the court on Petitioner's application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On July 30, 2010, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. On August 16, 2010, Petitioner filed objections through counsel.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of the record of this matter, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner contends that the Report erred in overlooking "defense counsel's extreme level of unpreparedness" during the course of his trial and challenges the "limited nature" of the Report's "prejudice" inquiry under *Strickland*. Obj. at 2, 3 (Dkt. # 18, filed Aug. 16, 2010). These objections fail to acknowledge the limited review this court conducts under 28 U.S.C. § 2254(d). Additionally, this court agrees with the Report that even if Petitioner's trial counsel was ineffective, Petitioner has failed to establish prejudice, as there was overwhelming evidence of guilt. *See* Report at 4-5. Therefore, these objections are unavailing.

Petitioner also maintains that the Report erred in finding no Equal Protection violation. Petitioner argues that he belongs to a distinct class of "people," that is, "individuals whose PCR appeals are transferred to the Court of Appeals and lose there without the Court of Appeals issuing a formal opinion." Obj. at 4. Petitioner contends that "[e]very other *person* that is not a member of this distinct class in the State of South Carolina has the right to appeal any loss in any judicial forum to the Supreme Court of South Carolina." *Id*. However, as noted by the Magistrate Judge, the State "has a legitimate interest in conserving judicial resources and need not provide the same review of each type of claim, particularly when [the State] already provides [criminal] defendants with more than the constitutional minimum of opportunities for review." *Hunt v. Nuth*, 57 F.3d

1327, 1337 (4th Cir. 1995) (rejecting petitioner's equal protection argument).

Respondent's motion for summary judgment is **granted** and this petition is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 24, 2010

C:\Documents and Settings\moc41\Local Settings\Temp\notesFFF692\09-2261 Ellison v. Padula adopt rr gr sumjgm den cert app.wpd